UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL THUNBERG,<br><br>          Plaintiff,<br>vs.<br><br>MIDLAND FUNDING LLC,<br>MIDLAND CREDIT MANAGEMENT, INC.,<br>KRAMER & FRANK, P.C., AND<br>JPMORGAN CHASE & CO., SUCCESSSOR<br>   IN INTEREST TO WASHINGTON<br>   MUTUAL<br><br>          Defendants. | Case No.:  11-1037-SAC-KGS |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA") and the Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. (the "KCPA"), which prohibit debt collectors like defendants, from engaging in abusive, deceptive, unconscionable, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1332, and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§ 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff, Daniel Thunberg, is a natural person residing in Wichita, Kansas.

1

2

5. The Defendant, Midland Funding, LLC, is a Delaware corporation registered with the Kansas Secretary of State to conduct business in Kansas.

6. The Defendant, Midland Credit Management, Inc., is a Kansas corporation, with its principal place of business in Minnesota.

7. The Defendant, Kramer and Frank, P.C., is a Missouri professional corporation.

8. The Defendant, JPMorgan Chase & Co., successor in interest to Washington Mutual, is a Delaware corporation with its principal place of business in Illinois.

9. The Defendants are in the business of collecting consumer debts using the mails and telephone.

10. The Defendants regularly attempt to collect consumer debts alleged to be owed to another person or entity.

11. The Defendant, Midland Credit Management, Inc., is the servicer of the account referenced in this complaint for Defendant Midland Funding, LLC.

12. The Defendant, Midland Funding, LLC, may be served through its Registered Agent, Corporation Service Company, located at 200 SW 30th Street, Topeka, Kansas, 66611.

13. The Defendant, Midland Credit Management, Inc., may be served through its Registered Agent, Corporation Service Company, located at 200 SW 30th Street, Topeka, Kansas, 66611.

14. The Defendant, Kramer & Frank, P.C., may be served at its main office, through its Registered Agent, James Frankel, at 9300 Dielman Ind. Dr., Suite 100, St. Louis, Missouri, 63132.

15. The Defendant, JPMorgan Chase & Co., may be served through its Registered Agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

16. The Defendants Midland Funding LLC, Midland Credit Management, Inc, and Kramer & Frank, PC, are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. The Defendants are each a "supplier" as defined by the KCPA, K.S.A. § 50-624.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18. During or about February 2009, Plaintiff had a credit card through Washington Mutual Bank (account xxxx4182) with a balance of $704.83.

19. On or about February 19, 2009, Plaintiff received a letter that the debt owed to Washington Mutual Bank was referred to I.C. System, Inc. The letter stated that Plaintiff could make payment to Washington Mutual Bank for account xxxx4182 in order to pay the debt. The letter is attached hereto as Exhibit A.

20. On or about February 26, 2009, Washington Mutual Bank cashed a check sent by Plaintiff for the balance of the debt, $704.83. *See* Plaintiff's Legacy Bank statement for February and March 2009, attached hereto as Exhibit B. *See also* Affidavit from Coleen Ryan, attached hereto as Exhibit C.

21. Plaintiff continued to receive collection calls from Defendant Chase Bank, purchaser and successor in interest to Washington Mutual Bank. During or around May 2009, Plaintiff faxed verification of payment to Chase Bank.

3

22. Plaintiff then began receiving collection calls from collection attorney Larry Roach. During or about August 2009, Plaintiff faxed verification of payment to that office. *See* Plaintiff's fax to Larry Roach, attached hereto as Exhibit D.

23. Plaintiff was later contacted by Defendant Midland Funding through Defendants' attorneys, Kramer and Frank, P.C.. An employee, Mr. Will Davis, stated to Plaintiff that the Defendants would be willing to settle for half of the balance. Mr. Davis continued by telling Plaintiff's wife that the Thunbergs could dispute the February 2009 withdrawal from the checking account by Washington Mutual. Mr. Davis also stated that Defendants could not wait another day before proceeding with a lawsuit and that the records of verification faxed to him by Plaintiff were not legal proof of payment, implying that the proof was forged.

24. On or about April 13, 2010, Defendant Midland Funding, LLC, initiated a Limited Action suit against Plaintiff for the Washington Mutual Bank account xxxx4182 in the amount of $910.71. The summons and complaint is attached hereto as Exhibit E.

25. Plaintiff answered the suit by Defendant Midland Funding, LLC, outlining the history of the debt and payment by Plaintiff. Plaintiff's answer is attached hereto as Exhibit F.

26. Plaintiff responded to discovery requests from Defendants Kramer and Frank and Midland Funding clearly showing payment, but the lawsuit was not dismissed. *See* Discovery Requests, attached hereto as Exhibit G, and Responses, attached hereto as Exhibit H.

27. Plaintiff provided the evidence to Defendant Kramer and Frank again at the pre-trial conference and requested dismissal of the lawsuit. The lawsuit was not dismissed.

28. Plaintiff hired counsel to approach Defendant's attorney, Courtney Mikesic, of Kramer and Frank, P.C. Plaintiff's counsel faxed the Legacy Bank Statement to Ms.

4

Mikesic, demanding that the suit against Plaintiff be dropped. *See* Fax Cover Sheet from David Eron to Courtney Mikesic and Verification of Transmittal, attached hereto as Exhibit I. Plaintiff's counsel received no response.

29. Plaintiff and counsel went to trial on September 1, 2010. Midland's counsel, Kramer and Frank, failed to appear. Court personnel reached Ms. Mikesic by phone and were informed that the suit was being dismissed. Neither Plaintiff nor Plaintiff's counsel received notice of such dismissal nor consented to it. Dismissal of the suit was never properly filed by Defendant Kramer and Frank.

30. On September 1, 2010, the court entered its journal entry dismissing the suit with prejudice for failure to prosecute. A copy of the journal entry is attached hereto as Exhibit J.

31. As a result of the acts alleged above, Plaintiff suffered actual damages, including, but not limited to, fees and costs, time off of work, embarrassment, emotional distress, and fatigue.

## COUNT I – VIOLATIONS OF FDCPA § 1692e

32. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

33. Defendants violated the FDCPA by using false, deceptive, or misleading representations in the course of attempting to collect a debt allegedly owed by Plaintiff. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of Plaintiff's alleged debt; and

     b. Defendants violated 15 U.S.C. § 1692e(10) using a false representation or deceptive means to collect or attempt to collect a debt allegedly owed by Plaintiff.

34. As a result of the FDCPA violations set forth in Count I of this Complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorneys' fees.

## COUNT II – VIOLATIONS OF FDCPA § 1692d

35. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

36. Defendants, on account of their conduct as alleged herein, violated FDCPA § 1692d because the natural consequence of their conduct was to harass, oppress, or abuse Plaintiff into paying a debt that he already paid.

37. As a result of the FDCPA violations set forth in Count II of this Complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorneys' fees.

## COUNT III – VIOLATIONS OF FDCPA § 1692f

38. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

39. Defendants, on account of their conduct as alleged herein, violated FDCPA § 1692f, because their conduct constituted the use of unfair or unconscionable means to collect or attempt to collect a debt allegedly owed by Plaintiff.

40. As a result of the FDCPA violations set forth in Count III of this Complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV – VIOLATIONS OF THE KCPA

41. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

42. Defendants violated the KCPA by employing deceptive acts and practices in order to collect a debt arising from credit transactions conducted by Plaintiff in the State of Kansas and allegedly owed by Plaintiff. Defendants' violations of the KCPA include, but are not limited to, the following:

   a. Defendants violated K.S.A. § 50-626(b)(2) by the willful use of an oral representation of exaggeration, falsehood, innuendo or ambiguity as to a material fact; and

   b. Defendants violated K.S.A. § 50-626(b)(3) by the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact.

43. As a result of the KCPA violations set forth in Count IV of this Complaint, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated the KCPA.

## COUNT V – INVASION OF PRIVACY

44. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

45. Defendants, on account of their conduct as alleged herein, willfully, wantonly, maliciously, or fraudulently (i) invaded Plaintiff's solitude and seclusion, and (ii) pried into Plaintiff's private affairs or concerns.

46. Defendants' conduct, as alleged herein, is or would be highly offensive to a reasonable person.

47. As a result of Defendants' conduct as alleged herein, Defendants are liable to Plaintiff for his actual damages, punitive damages, and costs and attorneys' fees.

### COUNT VI – MALICIOUS PROSECUTION

48. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 31 above.

49. Defendants, Midland Funding LLC, Midland Credit Management, and Kramer and Frank, P.C., on account of their conduct as alleged herein,

   a. initiated and continued the limited action proceeding;

   b. continued the suit against Plaintiff without probable cause that Plaintiff owed the debt; and

   c. acted with malice to continue the suit after notice had been provided that the debt was previously paid.

50. The limited action suit was dismissed with prejudice after Defendant Kramer and Frank did not attend trial.

51. Plaintiff sustained actual damages as a result of the prosecution by Defendants Midland Funding LLC, Midland Credit Management, and Kramer and Frank, P.C..

52. As a result of Defendants' conduct as alleged herein, Defendants Midland Funding LLC, Midland Credit Management, and Kramer and Frank, P.C., are liable to Plaintiff for his actual damages, punitive damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants Midland Funding LLC, Midland Credit Management, Kramer and Frank, P.C., and JPMorgan Chase and Co, successor in interest to Washington Mutual for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations of the KCPA;

b. Judgment that Defendants' actions constituted an Invasion of Privacy;

c. Judgment that Defendants Midland Funding LLC, Midland Credit Management, Inc, and Kramer and Frank's actions constituted Malicious Prosecution;

d. Actual Damages in the amount of $10,000.00;

e. Statutory damages pursuant to 15 U.S.C. § 1692k in the amount of $1,000.00 per Defendant;

f. Statutory damages pursuant to K.S.A. § 50-636 in the amount of $10,000.00 per Defendant;

g. Punitive damages in the amount of $100,000.00;

h. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and K.S.A. § 50-634, currently totaling $2091.35; and

i. For such other and further relief as may be just and proper.

9

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

**TRIAL DESIGNATION**

Plaintiff designates Wichita, Kansas, as the location for the trial in this action.

    Respectfully Submitted:

    ERON LAW OFFICE, P.A.
    Attorneys for Plaintiff

    */s/ January M. Bailey*
    JANUARY M. BAILEY
    Kansas Sup. Ct. No. 23926
    229 E. William, Suite 100
    Wichita, KS 67202
    316-262-5500
    316-262-5559 (fax)
    january@eronlaw.net